[Civ. No. 4783. First Appellate District, Division Two.—May 13, 1924.]

## ANNA GOEHRING, Plaintiff and Respondent, v. J. BLAINE ROGERS, Defendant and Respondent, and FRANK STJEPOVICH, Defendant and Appellant.

[1] EVIDENCE—AUTOMOBILE COLLISION—JOINT DEFENDANTS—DEFENDANT CALLED BY PLAINTIFF AS WITNESS—SCOPE OF BINDING EFFECT OF TESTIMONY—PREJUDICIAL INSTRUCTION.—In an action for damages against the drivers of two colliding automobiles for personal injuries sustained by plaintiff as a result of a collision of said automobiles, in one of which she was riding, the plaintiff was prejudiced by an instruction, which was given at the request of both defendants separately and which, in effect, advised the jury that, where the plaintiff called the defendants for examination under section 2055 of the Code of Civil Procedure as an adverse party, all testimony adduced upon such examination was binding only upon that defendant then under examination and that all such testimony should be wholly disregarded and not taken into consideration as to the other defendant.

[2] ID.—JOINT DEFENDANTS—SECTION 2055, CODE OF CIVIL PROCEDURE —TESTIMONY OF ONE DEFENDANT BINDING UPON CODEFENDANT.— The privileges of section 2055 of the Code of Civil Procedure are limited to the calling of an adverse party, but there is nothing in the section to indicate an intention of the legislature to limit his testimony to his own case. Thus, where one of two or more joint defendants is called under the section, his testimony, if material to the issues involved is evidence for all purposes of the case and is binding upon him as well as upon his codefendants.

[3] ID.—RIGHT OF DEFENDANT TO CROSS-EXAMINE CODEFENDANT.—In such action, each defendant should have been accorded the right to cross-examine his codefendant when the latter had been called

---

1. See 28 R. C. L. 646.

and examined by the plaintiff under section 2055 of the Code of Civil Procedure. (Opinion of supreme court, on denial of hearing.)

(1) 23 C. J., p. 56, sec. 1798.   (2) 23 C. J., p. 56, sec. 1798. (3) 40 Cyc., p. 2509 (Anno.).

APPEAL from an order of the Superior Court of Fresno County granting a new trial. D. A. Cashin, Judge. Affirmed.

The facts are stated in the opinion of the court.

M. F. McCormick and C. M. Ozias for Plaintiff and Respondent.

Everts, Ewing, Wild & Everts for Defendant and Appellant.

Lindsay & Conley and Arthur Allyn for Defendant and Respondent.

NOURSE, J.—In the appeal number 4777, this day decided, we gave a statement of the facts of the case upon which this appeal, brought by the defendant Stjepovich from the order granting the plaintiff a new trial, is based. Reference is hereby made to the opinion filed in that case both for the statement of facts and the errors at law, which apply equally to the present appeal. The instructions considered therein were particularly prejudicial to the defendant Rogers as placing too great a burden upon him as against his joint tort-feasor. The objection to instruction No. 13 which is herein considered was not available to him on that appeal, as he had requested an instruction of similar import.

[1] It is sufficient to add to the errors already noted in the opinion in case No. 4777 that the plaintiff was prejudiced by instruction No. 13, which was given at the request of both defendants separately and which, in effect, advised the jury that, where the plaintiff called the defendants for examination under section 2055 of the Code of Civil Procedure as an adverse party, all testimony adduced upon such examination was binding only upon that defendant then under examination and that all such testimony should be

wholly disregarded and not taken into consideration as to the other defendant. Putting it in another way, the jury was instructed that the testimony of Rogers while under examination in accordance with the code section should not be considered as against Stjepovich and that the testimony of Stjepovich under the same circumstances should not be used against the defendant Rogers.

The essential facts covering the accident were brought before the jury through the testimony of these two defendants called by the plaintiff under section 2055 of the Code of Civil Procedure. The plaintiff consequently relied upon this testimony to prove the important issues in her complaint. In instruction No. 13 the trial court put an unreasonable limitation upon the effect of this testimony. There is nothing new in the code section except that it provides that a party calling an adverse party as a witness shall not be bound by his testimony and that he may rebut by other evidence the testimony given under such examination. It does not pretend to relieve the party so called from the effect of his testimony. [2] The privileges of the section are limited to the calling of an adverse party, but there is nothing in the section to indicate an intention of the legislature to limit his testimony to his own case. Thus, where one of two or more joint defendants is called under the section, his testimony, if material to the issues involved, is evidence for all purposes of the case and is binding upon him as well as upon his codefendants. (*Figari* v. *Olcese,* 184 Cal. 775, 782 [15 A. L. R. 192, 195 Pac. 425].) The error of this instruction was a sufficient ground for the order granting plaintiff a new trial.

Order affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 10, 1924, and the following opinion then rendered thereon:

THE COURT.—The application for a transfer and determination by this court after decision of the district court of appeal is denied. [3] Inasmuch as there is to

be a retrial of this case, it should be pointed out that the trial court erred in refusing to permit each of the defendants to cross-examine his codefendant when the latter had been called and examined by the plaintiff under section 2055 of the Code of Civil Procedure. The testimony of each defendant so elicited was substantive evidence in the case for all purposes to which it was relevant, and the codefendant should have been accorded the right of cross-examination thereon.

All the Justices concurred.