KRAFT, Appellant, v. SECURITY STATE BANK OF WINNER, Respondent.

(199 N. W. 774.)

(File No. 5596.    Opinion filed July 19, 1924.)

1. **Banks and Banking—Evidence—Findings—Conversion—Evidence Held Insufficient to Sustain Finding that Liberty Bonds Were Turned Over to Purchaser by Bank.**

Evidence held insufficient to sustain finding in action for conversion that Liberty bonds purchased on installments were turned over to purchaser by bank.

2. **Evidence—Admissions—Bank Cashier's Statements Held Admissible Against Bank.**

In an action against a bank for the conversion of Liberty bonds, testimony by witnesses as to cashier's statements, in which it was tacitly admitted that the bank had the bonds, was admissible.

Appeal from Circuit Court, Tripp County; Hon. N. D. BURCH, Judge.

Action by Lillian Kraft, administratrix, against the Security State Bank of Winner. From a judgment for defendant and an order denying a new trial, plaintiff appeals. Reversed and remanded.

*W. J. Hooper,* of Gregory, for Appellant.

*Doherty & Talbott,* of Winner, for Respondent.

(2)   To point two of the opinion, Appellant cited.  Butters, Salt & Lumber Co. v. Vogel, 97 N. W. 757; Converse v. Blumrich, 14 Mich. 122, 90 Am. Dec. 230; Ablard v. Ft. Wayne & Belle Isle R. Co., 104 Mich. 148, 62 N. W. 172.

GATES, J.  This is an action for the conversion of $500 Liberty Bonds, Fourth Liberty Loan, subscribed for and paid by George Kraft.  The trial court found for the defendant. Plaintiff appeals from the judgment and order denying new trial.

[1]  The evidence shows that the bank account of George Kraft in defendant bank was debited by debit slips made by officials of the bank as follows:  On October 22, 1918, $50 for first payment, Fourth Liberty Loan; on November 18, $100 for second payment, Fourth Liberty Loan; on December 17, $100 for third payment, Fourth Liberty Loan; on January 16, 1919, $100 for fourth payment, Fourth Liberty Loan; and on January 30, 1919, $153.68 for fifth payment, Fourth Liberty Loan.  It was the custom for the bank to take subscribers' receipts for bonds when they were paid for and delivered.  Mr. Kraft died in December, 1919.  Mrs. Kraft was appointed administratrix. Mr. Kraft had a safety deposit box in defendant bank, the key of which was left at the bank.  Soon after her appointment she examined the box  and reported to the bank that $800 in Liberty Bonds were missing.  The bank produced a receipt of deceased for $300 other Liberty Bonds, but was unable to produce a receipt for the $500 bonds of the Fourth Loan.  Mrs. Kraft and John Weaver testified to conversations with Lloyd Mengel, the cashier of the bank, in which it was tacitly assumed that the bank had the bonds.  Mr. Mengel did not squarely dispute the testimony, but his testimony was evasive.  For instance he said:

"I heard John Weaver testify as to some conversations he had with me.  The conversations he stated were practically the conversations we had with one or two exceptions.  I don't know as I could tell you what those exceptions were unless I could remember his exact testimony, but one difference."

It was shown that Mr. Mengel, Mr. Kares, the vice president, and Mr. Smith, an employee, were more or less concerned with the transaction.  Neither Mr. Kares nor Mr. Smith was called as a witness.  Mr. Mengel did not testify that the bonds had ever been delivered to Mr. Kraft.  He merely testified that he told Mr. Weaver "that as near as I could find out Mr. Kraft had got the bonds without us getting a receipt for them."  That is quite different from testifying in court under oath that the

'bonds had been delivered to Mr. Kraft. Mr. Weaver also testified to another conversation with Mr. Mengel which was not denied, viz.:

"Mr. Mengel says, 'You go back and see her and tell her if she will put up a $500 bond to us that we will give her this money for this bond, and any time that we find this bond she is to turn the money back to us, and will turn her the bond.'"

In view of the failure of defendant bank to produce any evidence tending to show that the bonds had ever been delivered to Mr. Kraft, we are of the opinion that the trial court erred in finding for the defendant. There was not sufficient evidence to sustain the findings.

[2] It is contended by respondent that evidence as to Mr. Mengel's statements to Mrs. Kraft and Mr. Weaver was inadmissible. Such contention is without merit. The evidence was clearly admissible. Maupin v. Mobridge State Bank, 38 S. D. 331, 161 N. W. 332.

The judgment and order appealed from are reversed and the cause is remanded for a new trial.

Note.—Reported in 199 N. W. 774. See. .Headnote (1), American Key-Numbered Digest, Banks and banking, Key-No. 194, 7 C. J. Sec. 569; (2) Evidence, Key-No. 244(4), 22 C. J. Sec. 462.

On liability of bank for loss of Liberty bonds, see note in 17 A. L. R. 1217.