KRAFT, Respondent, v. SECURITY STATE BANK, Appellant.

(223 N. W. 208.)

(File No. 5999. Opinion filed January 26, 1929.)

*Windsor Doherty,* of Winner, for Appellant.
*W. J. Hooper,* of Gregory, for Respondent.

BROWN, J. This is the second appeal in this case. A statement of the facts appears in the opinion on the former appeal. 47 S. D. 546, 199 N. W. 774. The second trial was before a jury which found a verdict for plaintiff, and, from judgment on the verdict and an order denying a new trial, defendant appeals.

██ Lloyd Mengel, a stockholder and the cashier of defendant bank, was called as an adverse witness by plaintiff and examined as to the application by George Kraft for the purchase of the Liberty bonds and as to the deduction from Kraft's bank account of the payment of the installments of the purchase money. On the defense, Mengel was asked whether he had ever seen the bonds, and he replied that he did see them in Mr. Kraft's safety deposit box in the bank. On motion, this answer was stricken out on the ground that it related to a transaction between the witness and George Kraft, the deceased. It is not quite clear from the record that at this stage the testimony of Mengel that he saw the bonds in the deceased's safety deposit box did relate to a transaction with the deceased, but defendant offered to prove that at the time Mengel claimed to have seen the bonds in Kraft's safety deposit box he had a conversation with Kraft in which Kraft asked for his Liberty bonds and that Mengel got the key to the safety deposit box, opened it, and handed the bonds to Kraft. This clearly shows that the matter related to a transaction between Mengel and the deceased, and his testimony with reference thereto was inadmissible under the provision of section 2717 of the Code.

██ But appellant contends that plaintiff, by examining Mengel as an adverse witness in regard to the purchase of the bonds, thereby waived the prohibition of section 2717 and rendered Mengel competent to testify to the entire transaction between the bank and Kraft, relating to the bonds. Those coming within the prohibition of the statute are incompetent to testify "as to any transaction whatever with or statement by the testator or intestate, unless called to testify thereto by the opposite party." It is only as to the transaction or statement which the disqualified person is

called to testify to by the opposite party that the disqualification is removed. The only transaction as to which Mengel was called to testify by plaintiff was the application for the purchase of the bonds and the charging of Kraft's account with the amount of the installments that became due. This had no connection at all with the transaction relating to the delivery of the bonds to Kraft several months later, if there ever was any such transaction, and, in view of the offer of proof made by defendant, there was no prejudicial error in striking out Mengel's statement that he saw the bonds in Kraft's safety deposit box on the latter occasion. This ruling and the court's rejection of the offer of proof constitute the only complaint in regard to the admission or rejection of evidence.

Appellant assigns error on the refusal of the court to give two instructions to the jury, requested by him, but the charge as given included the substance of the two instructions requested, and there was no error in the refusal of these requests. It is contended that the evidence is insufficient to support the verdict and judgment because there is no evidence to show that the bonds were ever in the possession of defendant. Plaintiff and a witness, John Weaver, both testified that after George Kraft's death they went to the bank and had a conversation with Mengel in regard to these bonds, asked him where they were, and that Mengel said they were mislaid, but, if they would give him a little time, he would find them; that on a second occasion they called and asked if he had found the bonds and he said he had not, but would yet find them if they would give him time. This was sufficient evidence to warrant the jury in finding that the bonds had come into the possession of the bank.

Respondent's printed argument contains sixteen pages, 22 to 37, inclusive, said to be taken from the settled record. If deemed material by respondent, this should have been set out by way of additional abstract or statement. We have repeatedly pointed out that assertion in argument of what should appear, if at all, in the abstract, but does not, cannot be considered. Farmers' & Merchants' State Bank v. Doering (S. D.) 221 N. W. 373. No costs for printing those sixteen pages will be allowed.

The judgment and order appealed from are affirmed.

SHERWOOD, P. JJ., and POLLEY, J., concur.

BURCH, J., disqualified and not sitting.

CAMPBELL, J. (dissenting). The plaintiff pleaded that her decedent left Liberty bonds in the bank at Winner for safe-keeping, and that the bank converted the same. On the trial, however, it developed that plaintiff's claim was not, in fact, based on the conversion of bonds left for safe-keeping, but was actually based on an uncompleted transaction with the decedent; namely, that he gave the bank his subscription for $500 worth of Liberty bonds and completed the payments therefor, and that the bank failed to deliver the bonds to him. Plaintiff herself called the cashier, Mengel, as a witness with reference to this uncompleted transaction with the decedent, and, under the circumstances of this case, I think he had a right to testify that he did, in fact, deliver these bonds, according to the subscription of the decedent, and explain why he did not take a written receipt in the customary manner. He offered to do this, and I think it was error to reject that offer of proof. It is my opinion, therefore, that the judgment and order appealed from should be reversed.