DUNLAP, Respondent, v. THIELE, et al, Appellants

(265 N. W. 593.)

(File No. 7869. Opinion filed March 7, 1936.)

*Rice & Rice,* of Flandreau, for Appellant.
*Danforth & Davenport,* of Sioux Falls, for Respondent.

CAMPBELL, J.   J. C. Dunlap owned a farm in Moody county which he leased to one Thiele during the farming seasons of 1928 to 1931, inclusive.   The lease was made in the fall of 1927 for an annual cash rental of $640, and J. C. Dunlap took and immediately filed a chattel mortgage on the entire 1928 crop of small grain and corn to secure the payment of said rental.   After the termination of Thiele's tenancy and in 1932, J. C. Dunlap claimed that there was an unpaid balance of about $450 on the cash rent due for the season of 1928, and that he had discovered that Thiele, regardless of the mortgage, had sold to the Wentworth Elevator Company small grain and corn of the 1928 crop to an amount exceeding said $450.   Pursuant to such contentions he instituted an action in the Moody county circuit court against the tenant Thiele and the elevator company seeking damages for the conversion.

While that action was pending, and on February 22, 1933, J. C. Dunlap executed a writing assigning and transferring to R. H. Dunlap his interest in the lease to Thiele, the claim for the 1928 cash rent and the security therefor and all his right, title, and interest in and to the pending action against Thiele and the elevator company for the conversion of the 1928 crop.

J. C. Dunlap died March 22, 1933, and thereafter and by virtue of the assignment above mentioned R. H. Dunlap personally and individually was substituted as party plaintiff in the conversion action instituted by J. C. Dunlap, and the action proceeded to trial. The defendant elevator company contended that J. C. Dunlap had consented that Thiele should sell the 1928 crop to the elevator company and had thereby waived the lien of his chattel mortgage thereon.   Defendant Thiele was called as a witness, and the elevator company undertook by examination of Thiele to show conversations between Thiele and J. C. Dunlap consenting to the sale of the crop.   To this line of testimony plaintiff R. H. Dunlap objected on

the theory that it was incompetent under the provision of section 2717, R. C. 1919. The trial judge ruled that the provisions of section 2717 did not extend to a case where the party plaintiff was suing not as executor, administrator, heir at law, or next of kin of a decedent, but merely as assignee of a decedent, and overruled the objections. Thereupon R. H. Dunlap, plaintiff, as assignee of J. C. Dunlap, dismissed the conversion action without prejudice.

J. C. Dunlap left a will wherein he named R. H. Dunlap as executor and sole beneficiary. After dismissing the conversion action wherein he as assignee was plaintiff, R. H. Dunlap procured the admission of the J. C. Dunlap will to probate in the county court of Moody county and the issuance of letters testamentary to himself.

Thereafter, and on October 7, 1933, R. H. Dunlap, individually, executed and delivered to George Danforth, as attorney for R. H. Dunlap executor, an instrument denominated "Assignment," reciting the fact of the prior assignment of the claim against Thiele and the elevator company by J. C. Dunlap to R. H. Dunlap on February 22, 1933, and reciting that said assignment was made merely for the purpose of collection and that the claim was in truth and in fact at all times the property of J. C. Dunlap, and assigning and transferring said claim and all right and interest therein to the executor of J. C. Dunlap "for the purpose of vesting all rights in the matters referred to in said estate where the same property belongs * * * reserving no personal interest of any kind or character * * * and intending to vest all interest in said estate and in the executor of the will of said deceased."

Two days later, and on October 9, 1933, the present action was started by R. H. Dunlap as executor against Thiele and the elevator company for the same identical conversion for which J. C. Dunlap had sued and which suit had been dismissed without prejudice by R. H. Dunlap individually as assignee.

Thiele did not answer. The elevator company answered and set up, among other defenses, that if it purchased any grain from Thiele covered by the J. C. Dunlap mortgage, it was with the knowledge and consent of J. C. Dunlap, who waived any lien or mortgage thereon. It is to be noted that the claimed conversion

occurred in 1928 and that no demand was made upon the elevator company or claim asserted against the elevator company until some time in 1932.

At the trial of the issues between plaintiff and the elevator company, Thiele (who was already in default, although no default judgment had been entered against him) was permitted to be called by the plaintiff as an adverse witness under the statute over the objection of the elevator company.

Defendant elevator company offered to show by Thiele conversations with J. C. Dunlap wherein he consented to and in fact directed the sale of the grain in question. To this offer plaintiff objected on the ground that the same was incompetent under section 2717, R. C. 1919, which objection was sustained.

The defendant elevator company also offered to prove that J. C. Dunlap, prior to his death, conveyed all his property of every kind to R. H. Dunlap, which offer was objected to by plaintiff and objections sustained, notwithstanding the fact that the answer alleged that the real owner of the claim in question was R. H. Dunlap.

At the close of all the testimony, the court directed a verdict in favor of the plaintiff, subsequently denied defendant's motion for new trial, and defendant has appealed.

Appellant predicates error upon the ruling of the court in permitting respondent, under the circumstances of this case, to call and examine the defaulting codefendant Thiele under the provisions of section 2714, R. C. 1919. We think appellant is right in this contention. We have had since territorial days a law permitting the calling of an adverse party for cross-examination. It first appeared upon our books as section 312, Code of Civil Procedure 1867-8 (Laws Dakota Terr. 1867-8, p. 101), and was taken verbatim from section 344, N. Y. Code of Civil Procedure of 1848 (chapter 379, Laws N. Y. 1848). The provision carried on through our Codes (section 439, Code Civil Procedure 1877; section 5253, Comp. Laws 1887; section 479, Rev. Code Civil Procedure 1903) until the enactment by our Legislature of chapter 72, Laws 1909. Chapter 72, Laws 1909, did not, upon its face, purport to be an amendatory act, but it was substituted by the Code Commission of 1919 for the previous law upon the subject and is now without sub-

stantial change section 2714, R. C. 1919. The 1909 statute, as this court has previously had occasion to point out (Langford v. Issenhuth [1912] 28 S. D. 451, 134 N. W. 889), was taken verbatim from the then existing Minnesota statute (section 4662, Rev. Laws Minn. 1905), which had been often before the Minnesota court. At the time we adopted the Minnesota law, it was established by the Minnesota decisions that this statute did not authorize a plaintiff, as a matter of strict legal right, to call a defaulting defendant for cross-examination as an adverse witness. See Suter v. Page (1896) 64 Minn. 444, 67 N. W. 67; Bernick v. McClure (Jan. 1909) 107 Minn. 9, 119 N. W. 247. See, also, Loring v. Swanson (1930) 180 Minn. 104, 230 N. W. 277; Moore v. May (1903) 117 Wis. 192, 94 N. W. 45.

■■ We are of the opinion that the court committed technical error in this case in permitting respondent to call the defaulting codefendant as a matter of right as an adverse witness under the statute. We doubt if such error was prejudicial to appellant, however, unless the legal result of permitting respondent to call Thiele for examination under the statute was a restriction of the scope of appellant's cross-examination of such witness. We do not think that such legal result followed or should follow as a matter of law from the manner in which the court permitted respondent to call and examine the witness Thiele. We believe it to be the law, even when a plaintiff is properly permitted to call a defendant as an adverse witness under the statute, that codefendants are entitled to cross-examine such witness with reference to all matters concerning which he has been examined by plaintiff just as fully and completely as though such witness had been called by plaintiff as plaintiff's own witness and without regard to the statute. See Goehring v. Rogers (1924) 67 Cal. App. 260, 227 P. 689; Gates v. Pendleton (1925) 71 Cal. App. 752, 236 P. 365. We are therefore of the view that the permission to call Thiele as an adverse witness under the statute should be deemed error without prejudice under the circumstances disclosed by this record.

Respondent, having been permitted to call the defaulting codefendant Thiele as an adverse witness, proceeded to prove by him his occupation of the J. C. Dunlap land in 1928; that he raised grain thereon which was subject to the J. C. Dunlap mortgage; and

that he sold said grain to the appellant elevator company. Appellant thereupon sought to interrogate this witness with reference to conversations with J. C. Dunlap wherein and whereby appellant contended that J. C. Dunlap consented to the sale of such mortgage grain. Respondent objected that the witness was incompetent to testify as to any transactions with or statements by the said J. C. Dunlap because of the provisions of section 2717, R. C. 1919. This objection was sustained by the court, and upon that ruling also appellant predicates error.

█ This case is distinguishable in several respects from the case of Kraft v. Security State Bank (1929) 54 S. D. 325, 223 N. W. 208. There is here no question as to the extent to which respondent, by his examination of Thiele, may have unsealed the lips of Thiele with reference to transactions with the decedent so far as Thiele himself is concerned. The question is raised here, not by Thiele, but by his co-defendant the elevator company. As we have hereinbefore indicated, we are of the opinion that when respondent called Thiele and interrogated him with reference to the raising and selling of the mortgaged grain, his codefendant appellant had the right to cross-examine fully and completely with reference to the entire matter of the raising and selling of the grain. This, we think, was equally true whether respondent called Thiele as his own witness or as an adverse witness under the statute. We think respondent, at least so far as appellant is concerned, by calling and interrogating Thiele concerning the raising and selling of this grain, opened wide the door for cross-examination. What the situation might be if Thiele were a contesting defendant and had been called and interrogated by respondent, as he was in this case, and had then undertaken himself and in his own behalf, upon interrogation by his own counsel, to testify as to transactions or conversations with the decedent concerning the sale of the grain, we need not undertake in this case or at this time to decide. It is enough to say that, so far as concerns Thiele's codefendant, the appellant elevator company, respondent by calling and interrogating Thiele as it did waived the provisions of section 2717, R. C. 1919, in so far as the same might be urged to prevent full and complete cross-examination by appellant. Respondent was fully aware of the entire situation when he put Thiele on the witness stand. Thiele

was already in default. He had no community of interest with appellant. Respondent should not be permitted to prove a prima facie case against appellant by the testimony of Thiele and then throttle full and complete cross-examination by invoking as against appellant the provisions of section 2717. The statute was not designed for any such purpose and such use thereof should not be permitted. We think the court erred to the prejudice of appellant in sustaining respondent's objections to appellant's examination of the witness Thiele.

The judgment and order appealed from are therefore reversed. All the Judges concur, excepting WARREN, J., not sitting.