[Civ. No. 1786. Fourth Appellate District.—April 26, 1937.]

M. K. NEILSEN, Respondent, v. E. E. RICHTER, Appellant.

Frederick E. Hoar, Swaffield & Swaffield, Kenneth Sperry and Joseph E. Madden for Appellant.

Claflin & Dorsey for Respondent.

MARKS, J.—Plaintiff recovered judgment for $1545 for rental of drilling equipment used in drilling an oil well in Kern County.

It is alleged in the amended complaint that prior to January 7, 1934, plaintiff rented to defendant rotary oil well drilling equipment at a daily charge of $15; that defendant used the equipment from January 7 to July 13, 1934, both days inclusive, and has paid no part of the rental.

All the allegations of the amended complaint are denied in the answer. Three special defenses are set up in an amendment to the answer. We need only concern ourselves with two of them. In the first it is alleged that the equipment had been rented for the sum of $200 which defendant had paid plaintiff in full. In the third it is alleged that the written agreement which forms the basis of plaintiff's cause of action was without consideration and therefore void.

The written contract provides as follows:

"December 7th, 1933

"I hereby consent to the use by your representatives, successors or assigns, for a period of thirty days without charge, of that certain personal property belonging to me situated on the East half of the Northwest quarter of the northwest quarter of section 15–27–28, Kern County, California, and described as a steam engine, draw works, cable, swivel, hook, traveling block and pipe fittings. If custody of said property be detained past thirty days a charge of fifteen dollars a day will be made for each and every day that said property remains on/or is used on said property and/or until redelivered to me at 2605 Q Street, Bakersfield. Haulage charges will be at your expense. Very truly yours, M. K. Neilson. I hereby consent to the above terms for use.

"EDWARD RICHTER."

Plaintiff introduced this contract in evidence, proved that the equipment had been in the possession of defendant; that some part of it had been returned several months after

January 7, 1934; that some of it had not been returned; that no rent had been paid for the period following January 7, 1934.

At the trial defendant took the position that the contract was ambiguous for the reason that it could not be ascertained from its language from whom plaintiff was to receive the rental. He attempted to introduce evidence of the declarations of the parties and the circumstances existing at and before its execution. This evidence was excluded on the ground that it was an attempt to vary by parol the terms of a written contract.

In *Hansen* v. *d'Artenay*, 121 Cal. App. 746 [9 Pac. (2d) 889, 891], it is said:

"Circumstances surrounding the parties executing a contract, and well known to them at the time, are often of great assistance in interpreting their intention where the express terms of the contract are not clear and where a dispute later arises. 'A court is not only to take a contract by all its corners, but is to be placed in the seats of the parties when it was made. In other words, a contract is to be construed in the light and with the knowledge of surrounding circumstances.' (6 Cal. Jur. 294; Civ. Code, sec. 1647; Code Civ. Proc., sec. 1860; *Stein* v. *Archibald*, 151 Cal. 220 [90 Pac. 536]; *Peterson* v. *Wagner*, 52 Cal. App. 1 [198 Pac. 25].)"

Defendant also attempted to introduce evidence in support of the two special defenses we have mentioned. This evidence was largely excluded by the trial court.

It should not be necessary to lengthen this opinion by detailing the particular rulings made or the theory of defendant in support of these defenses as gleaned from the bits of evidence admitted and the proffers of proof made by his counsel after objections to his questions had been sustained. It should be sufficient to say that he was deprived of the benefit of both defenses if he had evidence to support them.

Neither defense tended to vary the terms of the written contract. The first was intended to establish a prior parol contract (assuming its validity without passing upon it) under which defendant maintained that he had paid, and plaintiff had received payment in full for use of the drilling equipment for a considerable portion of the time for which plaintiff was given judgment for rental of $15 a day. The defense of failure of consideration does not

attempt to vary the terms of a written contract. It attacks the very existence of the contract and, if proven, renders it unenforceable.

Defendant urges that the refusal of the trial court to permit him to file amendments to his answer during the trial was erroneous and prejudicial. We do not so regard these rulings. The proposed amendments added nothing material to his defenses which were already plead in his answer to the amended complaint and his amendment to this answer.

He complains of rulings of the trial court in restricting the interrogation of defendant who had been called as a witness for plaintiff under the provisions of section 2055 of the Code of Civil Procedure. Ordinarily such rulings might not be prejudicial if the defendant when called as a witness in his own behalf were permitted to testify fully on the same subjects. Here he was not permitted to do so. This rendered the erroneous rulings prejudicial. (*Bitsekas* v. *Parechanian*, 67 Cal. App. 148 [226 Pac. 974]. See, also, *Goehring* v. *Rogers*, 67 Cal. App. 260 [227 Pac. 689].)

Defendant was deprived of his day in court. He was deprived of the benefit of two special defenses. One of them, if established, might have had an important bearing on a correct interpretation of the none too certain terms of the writing of December 7, 1933, and might have materially reduced the amount of plaintiff's recovery if it would not have defeated it entirely. This question we do not feel called upon to decide. The defense of lack of consideration, if established, in itself would have been a complete defense.

Judgment reversed.

Barnard, P. J., and Jennings, J., concurred.