**DAVIS, Plaintiff-Appellant, v. MOOR, et al.,
Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 3951.   Decided January 25, 1949.

B N. Murray, Columbus, for plaintiff-appellant.
Paul R Gingher, Columbus, for defendants-appellees.

**OPINION**

By THE COURT.

This is an appeal on questions of law from the judgment of the Common Pleas Court of Franklin County, Ohio, sustaining a general demurrer to the plaintiff's amended petition.

Plaintiff was riding as a guest in the automobile owned by the defendants and which at the time was being driven by Hazel M. Moor, one of said defendants. The plaintiff alleges she was seated in the front seat of the automobile to the

right of the driver; that "an unleashed and uncrated dog belonging to said defendants, and up to that time concealed in a pile of soiled laundry and wearing apparel in the rear seat, suddenly sprang to the front of said automobile upon the neck of the plaintiff. Plaintiff states further that the driver, in attempting to remove the dog from this plaintiff, abandoned the steering gear, increased the speed of said automobile causing it to crash," etc. Plaintiff alleges that her injuries and damages were caused by: "The defendant, Hazel M. Moor, wantonly abandoning the control of the automobile in which she and the plaintiff were riding".

In an action brought under the provisions of §6308-6 GC, the guest must allege facts which on their face show wilfulness or wantonness, else the pleading is demurrable. The use of the word "wanton" is not alone sufficient to bring the action within the statute. **Vecchio v. Vecchio, 131 Oh St, 59, 64; Universal Pipe Co. v. Bassett, 130 Oh St 567, 573; Thomas v. Foody, 54 Oh Ap. 423, 425.**

The sufficiency of the amended petition rests on the charge of wanton misconduct which was defined in **Tighe v. Diamond, 149 Oh St 520,** at page 526, as follows:

" 'Wanton misconduct' comprehends an entire absence of all care for the safety of others and an indifference to consequences. **Higbee Co. v. Jackson, 101 Oh St, 75, 128 N. E., 61, 14 A. L. R., 131.** It implies a failure to exercise any care toward those to whom a duty of care is owing when the probability that harm will result from such failure is great, **and such probability is known to the actor.**" (Emphasis ours.)

In our opinion the amended petition does not allege facts sufficient to constitute a good cause of action under the guest statute.

We have passed on the legal question raised, although upon examination of the record we do not find that the appeal is taken from a final order. An order sustaining a general demurrer to the petition without dismissing the action is not a final order.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.