304 P.2d 908

Alice WILSON, Plaintiff-Appellant,

v.

R. S. BACON, doing business as Bacon Produce Co., and Jackie Teater and Willard Teater, Defendants-Respondents.

No. 8438.

Supreme Court of Idaho.

Dec. 12, 1956.

Louis F. Racine, Jr., and George R. Phillips, Pocatello, for appellant.

Benoit & Benoit and Stephan, Stephan & Heap, Twin Falls, for respondent.

TAYLOR, Chief Justice.

Plaintiff (appellant) brought this action to recover for personal injuries sustained in an automobile collision. She named as defendants, Jackie Teater, driver, and Willard Teater, owner, of the car in which she was riding, and R. S. Bacon, doing business as Bacon Produce Company, owner of the truck with which the Teater car collided.

The district court sustained general demurrers by the Teaters to the original, first, second and third amended complaints. Upon the demurrer being sustained to the third amended complaint, the court directed that the action as to the driver and owner of the host car be dismissed. Judgment was accordingly entered, from which this appeal is prosecuted.

The demurrers were sustained upon the ground that the allegations were insufficient, if proved, to sustain a recovery under the guest statute. § 49–1001 I.C. The allegations relied upon are set out in paragraph IX of the third amended complaint, as follows:

"That at said time and place, the Defendant, Jackie Teater, entered the intersection herein described, which intersection was known to him, and at which visibility was open and unobstructed; that at said time and place, it was known to the said Defendant that each of the County roads hereinabove described were regularly and heavily traveled; that the danger to the occupants

of the vehicle operated by Jackie Teater, of driving the vehicle without keeping a proper lookout for traffic on the roadway and at the intersection was well known to said defendant; that at said time and place, the truck owned by the Defendant, R. S. Bacon, and operated by said defendant's employee and servant, was plainly visible and was traveling at a speed of approximately 40 miles per hour in a westerly direction toward said intersection and approaching from the right of the vehicle operated by the Defendant, Jackie Teater; that the Defendant, Jackie Teater, wholly failed to maintain any lookout whatsoever at said intersection, and heedlessly, recklessly, carelessly, wantonly, unlawfully and wilfully, without looking to the right or left, and with an utter disregard of the rights of others, and in a manner destitute of heed or concern for consequences and in an especially foolish, headlong, rash manner, and with indifference to consequences, drove and operated the Plymouth Sedan in which the Plaintiff was then riding, directly into the path of said truck of R. S. Bacon."

In his memorandum, on sustaining the demurrer to the third amended complaint, the trial judge said:

"I have been and remain of the opinion that while proof of the facts pleaded would establish negligence on the part of Teater it would establish simple negligence only and not the greater negligence essential to recovery by a guest. A liberal interpretation of the allegations will not permit us to assume that other and more damaging facts exist.

"I do not regard the words 'heedlessly', 'wontonly', 'unlawfully' and 'in a manner destitute of heed or concern for consequences and in an especially foolish, headlong, rash manner and with indifference to consequences' as allegations of or as adding facts. Such words, when attacked by special demurrer as they have been, are merely matters of decoration and conclusion. To warrant recovery against the host, it would be necessary for plaintiff to prove more than she has alleged. If plaintiff has knowledge of additional facts upon which the conclusions are based, such facts should have been pleaded."

We think the analysis and ruling of the trial judge was correct. The guest statute requires pleading and proof of facts establishing a reckless disregard of the rights of others. Foberg v. Harrison, 71 Idaho 11, 225 P.2d 69; Mason v. Mootz, 73 Idaho 461, 253 P.2d 240; Riggs v. Roberts, 74 Idaho 473, 264 P.2d 698; Turner v. Purdum, 77 Idaho 130, 289 P.2d 608; Nichols v. Smith, 136 Cal.App. 272, 28 P.2d 693; Bartlett v. Jackson, 13 Cal.App.2d 435, 56 P.2d 1298; Naudzius v. Lahr, 253 Mich. 216, 234 N.W. 581, 74 A.L.R. 1189; Davis v. Moor, 86 Ohio App. 213, 84 N.E.2d 305;

392

Rogers v. Blake, 150 Tex. 373, 240 S.W.2d 1001.

"Reckless misconduct differs from negligence in several important particulars. It differs from that form of negligence which consists in mere inadvertence, incompetence, unskillfulness or a failure to take precautions to enable the actor adequately to cope with a possible or probable future emergency in that reckless misconduct requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man. It differs not only from the above-mentioned form of negligence, but also from that negligence which consists in intentionally doing an act with knowledge that it contains a risk of harm to others, in that the actor to be reckless must recognize that his conduct involves a risk substantially greater in amount than that which is necessary to make his conduct negligent. The difference between reckless misconduct and conduct involving only such a quantum of risk as is necessary to make it negligent is a difference in the degree of the risk, but this difference of degree is so marked as to amount substantially to a difference in kind." 2 Restatement of the Law, Torts, § 500g.

Judgment affirmed. Costs to respondents, Teater.

KEETON, PORTER, ANDERSON and SMITH, JJ., concur.