305 P.2d 752

Sadie GRANT, a single woman, Plaintiff-Appellant,

v.

Frank CLARKE and Marie Yotz, Defendants-Respondents.

No. 8326.

Supreme Court of Idaho.

Dec. 18, 1956.

Rehearing Denied Jan. 9, 1957.

Walter M. Oros, Vernon K. Smith, Boise, for appellant.

222222222222

222222

Elam & Burke, Jeppesen & Jeppesen, Boise, for respondents.

416

ANDERSON, Justice.

Plaintiff (appellant) Sadie Grant brought this action against her daughter, Marie Yotz, and Frank Clarke (respondents) for personal injuries suffered in an automobile accident.

The evidence shows that Mrs. Grant had been operating an hotel in Boise and another in Idaho Falls, and Mrs. Yotz had been assisting her with the bookkeeping. A few days before the accident, Mrs. Yotz called Mrs. Grant and told her that she and her husband, Anton Yotz, were going to Idaho Falls to see about a school bus, and asked if Mrs. Grant wanted to go with them. She accepted the invitation, and they proceeded to Idaho Falls, where Mr. Yotz obtained a school bus to return to Boise. Mrs. Grant and Mrs. Yotz obtained the hotel books, and Mrs. Yotz did some work on them, and they took the books to bring to Boise.

The three were on their way back to Boise on May 8, 1951, when the accident occurred at about 10:30 p. m. Mrs. Yotz was driving an automobile registered to Mr. Yotz, and Mrs. Grant was riding with her. Anton Yotz was following driving the school bus. They had reached a point on U. S. Highway 30 about three and one-half miles west of Hammett when an eastbound automobile driven by defendant Clarke and the westbound Yotz automobile collided. Mrs. Grant was asleep at the time of the accident. All three of the parties were injured.

The highway at the point of the collision extends generally east and west, and is relatively straight. It descends from west to east at a constant grade of about five per cent. The surface of the highway is of bituminous material, 24 feet wide, with graveled shoulders of four feet on each

side, and there is a center line dividing east- and west-bound traffic. At the time of the accident, the roadway was dry and the weather was good.

The plaintiff alleged in her amended complaint that she was a guest in the Yotz car, and that both the Clarke and the Yotz cars were over the center line, each at least partly in the lane of traffic designated for the other; that Clarke was negligent, and that defendant Yotz was driving with a reckless disregard of the rights and safety of the plaintiff; that each of such acts was a proximate cause of plaintiff's injury.

The answer of defendant Clarke denied negligence on his part, and alleged that the Yotz car was astride the center line and on the wrong side of the road. As a separate further affirmative defense, Clarke alleged contributory negligence on the part of the plaintiff in that she and Marie Yotz were at the time of the accident engaged in a joint enterprise, and that each of them had the same right of control of the automobile in which they were riding.

The answer of defendant Marie Yotz admitted that plaintiff was a guest in her car, alleged negligence on the part of the defendant Clarke, generally denied any negligence on her part or that she drove with reckless disregard of the rights and safety of the plaintiff. As an affirmative defense, she alleged that plaintiff assumed all risks incident to her riding in defendant Yotz' automobile.

The testimony is conflicting as to where the impact occurred. Anton Yotz testified he saw the Clarke car come across the center line and strike the Yotz car. The main concentration of glass from the car was 24 inches north of the center line, on Mrs. Yotz' side of the highway. Defendant Clarke testified that the Yotz car was in his lane of traffic at the time the collision occurred. The sheriff of Elmore County, who investigated the accident, testified that he observed the debris on the south edge of the oiled road (Clarke's side of the highway).

At the close of her evidence, plaintiff made a motion to amend her complaint to conform to the proof that defendant Marie Yotz failed to avail herself of the last clear chance to avoid the accident, and plaintiff asked to omit the allegation that she was a guest in the automobile driven by defendant Yotz, which would leave her status to be decided by the jury. The motion was denied, as being made too late.

The trial court granted a nonsuit as to defendant Yotz, and the jury returned a verdict in favor of defendant Clarke. This appeal is from both the judgment of nonsuit and the judgment rendered on the verdict.

Plaintiff makes 29 assignments of error. For simplicity they can be consolidated into six groups:

First: Did the court abuse its discretion in refusing to allow the plaintiff to amend her complaint?

■ The issues between plaintiff and defendant Yotz were clearly framed on the guest-host relationship. The case proceeded to trial on this theory, thus requiring proof by plaintiff of reckless disregard of the rights of others by defendant Yotz, I.C. sec. 49–1001. If the proposed amendment had been permitted, it would have changed plaintiff's theory of the case against defendant Yotz from an action under the guest statute to an action involving negligence.

Although plaintiff maintained at the time of her motion to amend that she may not have been a guest of Mrs. Yotz, she had pleaded that she was, and did not seek to amend before trial, nor until the close of her evidence. There was no showing why the motion to amend was not made sooner. Further, the proposed amendment did not cover matters that arose by surprise to plaintiff during the trial.

■ This court, in the case of Riggs v. Roberts, 74 Idaho 473, 476, 264 P.2d 698, 699, in speaking of a proposed amendment, stated:

"This amendment, attempting to inject a new feature, was addressed to the sound discretion of the court. * * *"

See also I.C. sec. R5–905. While ordinarily liberality should be shown in permitting amendments, under the facts in the present case the trial court did not abuse its discretion in denying the plaintiff's motion to amend, as coming too late.

■ Second: Did the court abuse its discretion in limiting the scope of the cross-examination under the statute of Marie Yotz and Frank Clarke?

Idaho Code sec. R9–1206 provides:

"Examination of adverse party as if under cross-examination.—A party to the record of any civil action or proceedings, or person for whose immediate benefit such action or proceedings is prosecuted or defended, or the directors, officers, superintendent or managing agents of any corporation which is a party to such record, may be examined by the adverse party as if under cross-examination, subject to the rules applicable to the examination of other witnesses; and the testimony given by such witnesses may be rebutted by the party calling him for such examination by other evidence. Such witness when so called may be examined by his own counsel, but only as to matters testified to on such examination.

"Nothing contained in this section shall be construed in such manner as to compel the husband or wife to tes-

tify against the other, nor to compel a witness to disclose information or communications which are privileged by law."

While the trial court was rather strict in limiting cross-examination under the above statute, nevertheless the evidence plaintiff sought to bring out on statutory cross-examination was substantially covered at other stages of the trial by one or more witnesses.

Anton Yotz testified:

" * * * the Clarke car traveling on his own proper side of the road left the hard pavement and came directly across the road at a 45 degree angle and struck the Yotz car."

He testified on cross-examination that the Yotz car was traveling about two feet from the center line, in its own lane; that after the accident the debris was on the north side of the highway; that Mrs. Yotz stayed on her own side of the road. On redirect examination he testified that the headlights of the Clarke car were burning and that after the accident there was an oil spot north of the white line.

Plaintiff's attorney later called Clarke as plaintiff's own witness. He testified that the headlights of the Yotz car were burning before the collision and that the Yotz car was in his lane of traffic.

In the recent case of Willes v. Palmer, 78 Idaho 104, 298 P.2d 972, at page 975, this court stated:

"The appellants also assign as error the action of the trial court in permitting the plaintiff at the opening of the trial to call the defendant Hoyt Palmer and to cross-examine him under the statute, § 9–1206, I. C., on all of the issues without regard to whether evidence on such issues was otherwise available to plaintiff. During the course of the cross-examination, plaintiff's counsel inquired into numerous conversations and negotiations between the parties leading up to and subsequent to the agreement, and required defendant and his counsel to produce correspondence and other documents which defense counsel intended to produce in defense. It is apparent that plaintiff, who personally appeared and testified at the trial, was as familiar with these negotiations, conversations and correspondence as the defendant Palmer, and the evidence was, therefore, readily available to him. In overruling defendants' objections to such extensive cross-examination, the court relied upon Stearns v. Williams, 72 Idaho 276, 240 P.2d 833, 842. As stated by Justice Thomas in that case, the scope of cross-examination under the statute is largely in the discretion of the trial court. However, he also pointed out that the cross-examination objected to in that case 'in the main * * * covered matters which were peculiarly within the knowledge of the

witnesses and which were not otherwise *readily available.*' *It is also to be* noted that the two California cases cited in that opinion deal with evidence not otherwise readily available to the plaintiff. It was further particularly pointed out by Justice Thomas that the conclusions in Stearns v. Williams, supra, are not out of harmony with Boeck v. Boeck, 29 Idaho 639, 161 P. 576, or Darry v. Cox, 28 Idaho 519, 155 P. 660. The rule as to cross-examination of an adverse party under the statute has not been changed by the opinion in Stearns v. Williams. It was therefore error to permit the plaintiff to present his case through the cross-examination of the defendant. However, as we have observed, the evidence preponderantly supports the judgment, and no prejudice appearing to have resulted to defendants, the error is not sufficient for reversal. § R5-907, I. C."

Appellant in her brief admits the rule to be that under I.C. sec. R9-1206 the cross-examination of an adverse party is largely a matter of discretion of the trial court and that the trial court's action in that respect will be sustained by the supreme court unless there is an abuse of discretion. We are of the opinion that the trial court did not abuse its discretion so as to commit reversible error in limiting the cross-examination of defendants Clarke and Yotz under the statute and under the facts and circumstances of this case.

■ Third: Appellant contends the trial court erred in instructing the jury that the evidence of defendant Yotz, called by the plaintiff for cross-examination under I.C. sec. R9-1206, was not to be considered as against defendant Clarke.

■■ Testimony of a party under statutory cross-examination is evidence for all purposes of the case, but the witness' co-defendant may cross-examine on it. Goehring v. Rogers, 67 Cal.App. 260, 227 P. 689; Edwards v. Martin, 2 Ill.App.2d 34, 117 N.E. 864, 43 A.L.R.2d 994 and annotation thereto; 58 Am.Jur., Witnesses, sec. 560, p. 36 (supplement). However, if the defendant, when called as a witness in his own behalf, is permitted to testify fully on the same subjects, the erroneous ruling is not prejudicial. See Neilsen v. Richter, 20 Cal.App.2d 546, 67 P.2d 353, 355.

The testimony involved is as follows:

"Q. Where did you look at her? A. Just before the accident I looked at her.

"Q. What was your mother doing at that time? A. She was asleep.

\*   \*   \*   \*   \*   \*

"A. There were three cars coming towards me, two relatively close together; the third one, it had just broken the top of the hill.

"Q. All right. Now, the first two cars, did they pass your automobile? A. Yes.

\* \* \* \* \* \*

"A. The third car that I saw had just broken the top of the hill, was going in an easterly direction down hill.

\* \* \* \* \* \*

"A. At the time I saw this third car coming down hill I was passing the two previous ones.

"Q. Continue. A. Neither one of these cars dimmed their lights, and I was having a little difficult time seeing them.

\* \* \* \* \* \*

"A. The third car, which is Mr. Clarke's car, was coming down hill, presumably on his side of the road.

\* \* \* \* \* \*

"A. He was on one side of the road. How far he was over I don't know exactly.

\* \* \* \* \* \*

"A. We had a collision.

\* \* \* \* \* \*

"A. So far as I know I was on my side of the road."

This testimony was primarily for the purpose of establishing the liability of defendant Yotz. The questions bearing on Clarke's liability—i. e., those relating to the course of the Clarke car and the point of impact—were matters on which other witnesses also testified.

The trial court's ruling so limiting the use of the evidence so as not to apply to defendant Clarke was error. However, no prejudice to the case of the plaintiff is shown, and after consideration of all of the evidence we find no reversible error in this regard.

Fourth: Was the trial court correct in granting defendant Yotz' motion for nonsuit and entering judgment of dismissal?

At the conclusion of the plaintiff's case, the trial court granted a nonsuit as to the defendant Marie Yotz. The amended complaint alleged, and the answer of defendant Marie Yotz admitted, that plaintiff was a guest in the Yotz car. There was therefore no issue to present to the jury on that point. In the case of French v. Tebben, 53 Idaho 701, 27 P.2d 474, this court held that in an action for injuries to an occupant of an automobile, tried on the theory that the occupant was a guest, the court's failure to submit the issue whether occupant was engaged in a joint enterprise was not prejudicial to defendant.

The burden was upon plaintiff to prove reckless disregard of her rights by Mrs. Yotz, and thereby to make out a prima facie case (intentional accident or intoxication not being involved herein).

■ In the case of Turner v. Purdum, 77 Idaho 130, 289 P.2d 608, the Idaho cases on reckless disregard are cited and in part discussed. In the opinion, it is stated that the term "reckless disregard" as used in I.C. sec. 49–1001 means an act or conduct destitute of heed or concern for consequences; especially foolishly heedless of danger, headlong, rash; wanton disregard, or conscious indifference to consequences. This implies a consciousness of danger and a willingness to assume the risk, or an indifference to consequences.

The court in the Turner case reaffirms the rule that in a guest case the burden is on the plaintiff to prove that the accident was caused by conduct on the part of the defendant amounting to reckless disregard of the rights of others.

■ In the action against defendant Yotz, a consideration of all the evidence discloses that it is insufficient to establish that defendant Yotz was guilty of reckless disregard within the guest statute. The trial court properly granted the motion for nonsuit and dismissed the action as to respondent Yotz. Turner v. Purdum, supra; Riggs v. Roberts, 74 Idaho 473, 264 P.2d 698. See also Wilson v. Bacon, 78 Idaho 389, 304 P.2d 908.

■ Fifth: Was there error in admitting the testimony of the sheriff of Elmore County, wherein he gave his opinion as to the probable point of impact of the automobiles?

The appellant contends that it was inadmissible as the sheriff was not qualified as an expert. The sheriff testified that he had examined a great many accidents during his work, which extended over two terms, or four years, as sheriff; that in his investigations he had tried to determine what had happened at the accidents, and particularly to locate the points of impact of the automobiles in the various accidents. The record discloses that this witness arrived shortly after the collision. He testified to the location of the two automobiles when he arrived, and said that he observed the debris on the right-hand side of the road, on the south edge of the oil, when going toward Hammett. He testified that from his investigation that in his opinion the point of impact was on the south side of the road (Clarke's side) near the edge of the oil. On cross-examination it was brought out that his opinion as to the point of impact was a general one and not based on specific measurements as to the location.

The California Fourth District Court of Appeal held in the case of Wells Truckways v. Cebrian, 122 Cal.App.2d 666, 265 P.2d 557, that a highway patrolman, testifying as an expert witness, was properly permitted to give an opinion as to the point of impact in a traffic accident, his opinion being based on marks on the highway, dam-

age to the vehicles involved and the location of debris on the highway. See also Kalfus v. Fraze, 136 Cal.App.2d 415, 288 P.2d 967. The court was correct in its rulings relative to the testimony of the sheriff.

Sixth: Was the proposition of joint enterprise properly submitted to the jury in the case against defendant Clarke?

At the time of the trial, plaintiff took the position that it was a question for the jury to decide whether there was a joint enterprise between herself and defendant Yotz. She even sought to amend her complaint as to defendant Yotz so as to leave that question for the jury. If there was such a joint enterprise, the contributory negligence of Yotz, if any, would be imputed to the plaintiff and prevent recovery against defendant Clarke.

As between the plaintiff and Clarke, the questions of joint enterprise and contributory negligence were pleaded by the defendant Clarke, and sufficiently supported by evidence to submit these questions to the jury. Goetz v. Burgess, 72 Idaho 186, 238 P.2d 444.

We are of the opinion that the judgments entered for the defendants were proper; therefore they are affirmed.

Costs to respondents.

TAYLOR, C. J., and KEETON, PORTER, and SMITH, JJ., concur.

This opinion was written prior to the death of ANDERSON, J., on December 16, 1956, and was agreed to and adopted as the opinion of the court December 17, 1956.