CHARLES ASKOWITH *vs.* MORRIS MASSELL.

Suffolk. March 14, 1927.— May 31, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Invited person. *Evidence*, Foreign law. *Practice, Civil*, Requests, rulings and instructions, Exceptions.

Where, at a trial before the enactment of St. 1926, c. 168, there was a question as to foreign law and the evidence thereon was conflicting, the question was to be determined as one of fact.

At the trial of an action of tort for personal injuries received when the plaintiff was riding in an automobile owned and operated by the defendant in the State of Maine, it appeared that the defendant and the plaintiff were members of a party who were returning from a fishing trip; that it had been agreed that the expenses should be divided among them, and that each member also should pay a proportionate share of the cost for gasoline, oil and garage bills; and that the plaintiff paid his share of the operating expenses to the defendant, who also contributed his part and made no other charge for transportation. The jury found that the law of Maine permitted "a plaintiff who was a guest of a defendant to recover for such defendant's ordinary negligence," and that the defendant was not guilty of either ordinary or gross negligence; and found for the defendant. *Held*, that

(1) Nothing appeared which gave any support to a contention that, because the defendant contributed the use of his car under the conditions described, he became a carrier for hire:

(2) Requests for rulings relating to the law as to a gratuitous guest or a passenger for hire properly were refused, there being no evidence to which they were applicable;

(3) In view of the jury's findings, exceptions to refusals by the judge to rule on those subjects were immaterial;

(4) The entire charge and supplemental charge being examined, use by the judge, in certain portions of the charge, of the word "guest" as applied to the plaintiff did not harm the plaintiff.

TORT for personal injuries received by the plaintiff while riding in an automobile of the defendant in Skowhegan in the State of Maine. Writ dated December 12, 1923.

In the Superior Court, the action was tried before *Lawton*, J. Material evidence, rulings and instructions by the trial judge, and special findings by the jury are described in the opinion. The jury found for the defendant. The plaintiff alleged exceptions.

*L. Brown*, for the plaintiff.

*G. E. Mears*, for the defendant.

BRALEY, J. This is an action to recover for personal injuries suffered by the plaintiff while he was in an automobile owned and operated by the defendant. The declaration is in three counts. The third count was waived and the case was submitted to the jury on the first and second counts alleging ordinary negligence and gross negligence of the defendant in the operation of an automobile in which the plaintiff was invited by the defendant to ride. The plaintiff, the defendant and three other persons, all residents in this Commonwealth, were in the automobile at the time of the accident, which was driven by the defendant on their return from a fishing trip to Lake Parlin in the State of Maine. It was agreed that the expenses should be divided among them, and that each member also should pay a proportionate share of the cost for gasoline, oil and garage bills. The plaintiff paid his share of the operating expenses to the defendant, who also contributed his part and made no other charge for transportation.

It was undisputed that the accident happened on a road in Skowhegan in the State of Maine. The plaintiff contended, that by the law of that State he was entitled to recover if the jury found that while he was in the exercise of

due care the accident was caused by the defendant's negligence. The present action having been tried before the enactment of St. 1926, c. 168, which provides, that the court shall take judicial notice of the law of a foreign State, it was for the jury to determine this question, under instructions to which no exceptions were taken. *Electric Welding Co. Ltd.* v. *Prince*, 200 Mass. 386. The plaintiff introduced decisions of the Supreme Judicial Court of Maine as to the liability of "one in charge of a vehicle toward a guest or passenger riding therein." The defendant on the other hand called a member of the bar of Maine, found by the court to be qualified to express an opinion, who testified, "that the liability of a driver of an automobile to a guest with whom he was driving was analogous to that of a gratuitous bailee; that the duty of the guest 'would be due care under the circumstances'." When asked with reference to the negligence of the driver, "is that simple negligence or something more?" he answered, "Gross negligence." In cross-examination the witness agreed that the decision in *Avery* v. *Thompson*, 117 Maine, 120, which had been put in evidence by the plaintiff, represented the law of the subject with which it dealt. The case of *Avery* v. *Thompson* involved the degree of care required of the driver of an automobile to a person invited by him to ride as a guest. The court after a full citation of cases held that the driver was liable for simple negligence, or gross negligence toward the invitee, and that proof of simple negligence was sufficient. The jury accordingly could find that the law of Maine was as stated in this decision. *Electric Welding Co. Ltd.* v. *Prince*, *supra*.

The questions of the plaintiff's due care and the defendant's negligence were issues of fact, and, in answer to questions submitted by the trial judge, the jury found, that the defendant was not guilty of ordinary negligence, nor of gross negligence, and to the third question, "Does the law of the State of Maine permit a plaintiff who was a guest of a defendant to recover for such defendant's ordinary negligence?" the answer was "Yes."

The plaintiff asked the judge to rule that if he paid a pro-

portionate share of the operating expenses "he was not a gratuitous guest of the defendant"; that if the plaintiff was paying a share of the operating expenses "as compensation for his transportation therein that circumstance is to be considered in determining the defendant's duty of care toward the plaintiff"; that if the plaintiff was paying a share of the operating expenses "as compensation for his transportation therein, he was a passenger for hire." The requests were denied rightly. There was no evidence that the plaintiff was a "gratuitous guest," nor was he a passenger for hire. The automobile was not being operated under a contract express or implied that the defendant should be paid for transportation as a separate and distinct charge. It was uncontroverted that the understanding of the members of the party which included the defendant was that only the charges for gasoline, oil and garage bills incurred for their common benefit comprised the cost of the trip which was to be shared equally. The exceptions state, "It was agreed among the members of the party that the expenses of the trip should be divided between them," and nothing appears which gives any support to the contention that because the defendant contributed the use of his car under the conditions described he became a carrier for hire. The requests moreover in view of the answers of the jury to the first and second questions have become immaterial. If the defendant was not guilty of negligence, it is of no consequence whether the plaintiff was a "gratuitous guest," or an invitee, or a passenger.

The plaintiff excepted to the instructions that the plaintiff concedes he was a guest of the defendant. But the judge, thereupon, instructed the jury that while he had used the word "guest," the use of the word was wrong as the declaration alleged that the plaintiff was invited by the defendant to ride in an automobile, and no reversible error appears.

The defendant also excepted because the third question was left to the jury "without instructions that the term guest is limited to a gratuitous guest." The instructions complained of were as follows: "If you are satisfied, if the

evidence here satisfies you that this question ought to be answered 'Yes,' that it is the law of the State of Maine that a plaintiff who was a guest may recover of such defendant for his ordinary negligence, you should answer it 'Yes.'" It is plain that the judge did not say to the jury, that the plaintiff was a guest, but only directed them to find as a fact what the law of Maine was on the evidence.

The entry must be,

*Exceptions overruled.*