[Civ. No. 1986. Fourth Appellate District.—March 10, 1937.]

JOSE LEON DEL BOSQUE et al., Appellants, v. KAKOO SINGH, Respondent.

A. C. Finney for Appellants.

Harry W. Horton for Respondent.

MARKS, J.—Plaintiffs brought this action to recover judgment for damages caused in an automobile accident. The automobile was driven by Andres Mireles with the express consent of defendant. Plaintiffs Del Bosque and Antonia Aguirre were injured in the accident. The other plaintiffs are the heirs at law of three other persons who were riding in the automobile and who were killed, as was Mireles. Of the five persons who were riding with Mireles it was stipulated four of them were his guests. There is nothing in the evidence to show the status of Miss Aguirre but the case was tried upon the theory that she, too, was a guest.

This action was brought under the imputed negligence act (sec. 1714¼, Civ. Code) and the guest law (sec. 141¾, California Vehicle Act), both of which were in effect at the time of the accident on December 17, 1933. ▮ The trial court found that Mireles had not been guilty of wilful misconduct and rendered judgment for defendant. The only question presented here is whether the evidence supports the findings and judgment.

From the view we take of the case it is not necessary for us to consider the liability of an owner to respond in damages for injuries to or deaths of guests caused by the wilful mis-

conduct of a driver to whom the owner loaned his automobile. (See *Weber* v. *Pinyan,* (Cal. App.) [61 Pac. (2d) 954], now pending in the Supreme Court after hearing granted.)

The party, with Mireles driving the car, was on its way from Brawley to Los Angeles over the state highway. The car was being driven in what is known as free wheeling. West of Cabazon there are a number of dips in the pavement, one of which is just east of what is known as the San Gorgonio bridge. This dip is described by witnesses for the plaintiffs as between fifty and sixty feet long and between eight and ten feet deep with a sharp slope downward from the eastern crest. About three hundred feet east of the dip there was a road sign giving warning of it. The roadway ascends a grade to the west.

Plaintiffs' evidence shows that Mireles had been warned not to drive fast through the dips; that he approached the dip in question at a speed of between fifty-five and sixty miles an hour; that his attention was called to the road sign; that he was warned of this dangerous dip ahead; that he took his foot from the throttle but did not apply the brakes; that when the automobile reached the bottom of the dip it bounced about twice, careened to the southerly side of the road and into a cement post at the southeast end of the bridge.

Defendant introduced several photographs of the roadway east of the San Gorgonio bridge. One of them shows the dip in question very clearly. In the picture it looks neither formidable nor dangerous and certainly does not correspond with the character of the dip described by the witnesses for plaintiffs.

It was stipulated at the trial that "the Court is entitled to take judicial notice of the general character of the highway". Judicial notice is a form of evidence and may be relied upon to contradict other evidence. Such evidence furnishes ample support for findings and a judgment based upon it.

Wilful misconduct has been clearly defined by the Supreme Court in the case of *Meek* v. *Fowler,* 3 Cal. (2d) 420 [45 Pac. (2d) 194]. The question of the existence of wilful misconduct is usually one addressed to the trier of fact. Where evidence is conflicting and will reasonably support opposite inferences or conclusions the findings of the trial judge and the judgment based upon them cannot be disturbed on appeal.

If we assume, without holding, that the evidence offered by the plaintiffs would have supported a finding of wilful misconduct on the part of Mireles, that finding would have to depend, in part, on the nature of the dip into which he drove the automobile, for the speed at which an automobile is traveling, about sixty miles an hour, on a clear, dry, unobstructed paved highway, has been held in itself insufficient to constitute wilful misconduct. Such speed must be combined with other circumstances to constitute that offense against the rules of safe driving. Here the only other circumstance proved was the nature of the dip into which Mireles drove. The evidence on this question is sharply conflicting. On the one side is the description of the dip given by the witnesses for the plaintiffs. On the other is the photograph of the dip. The photograph is substantial evidence strongly supporting the conclusions reached by the trial court. Further, if the trial judge had knowledge of this dip he might have drawn upon this knowledge under the stipulation of counsel. This judicial knowledge might have supported his conclusion that there was no wilful misconduct.

Where the evidence is conflicting the judgment cannot be disturbed because a contrary judgment might have had evidentiary support. As the findings and judgment have substantial evidentiary support the judgment must be affirmed.

The trial court found that Mireles drove from the city of Brawley to the San Gorgonio bridge "at a rate of speed of approximately forty to forty-five miles an hour". Plaintiffs attack this finding as contrary to all the evidence. That contention may be correct and still we cannot reverse the judgment. We have disregarded this finding and have assumed that Mireles drove into the dip at a speed of about sixty miles an hour and in so doing have adopted the theory of plaintiffs. After so doing we have had no difficulty in arriving at the conclusion that the finding that Mireles was not guilty of wilful misconduct is supported by substantial evidence and is controlling here. Under such circumstances the challenged finding may be treated as surplusage and disregarded. A judgment cannot be reversed because of a mistaken finding on an immaterial fact.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 8, 1937, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 3, 1937.