PAUL S. HAINES *vs.* STEPHEN P. CHERESKIE.

HIPOLIT K. WESTORT *vs.* SAME.

WILLIAM J. WESTORT *vs.* SAME.

Hampshire.    September 22, 1937. — September 12, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* Invited person, Motor vehicle, In use of way, Contributory. *Evidence,* Conflicting statements of witness.

A finding that one riding in an automobile was a passenger of the driver for hire and not a mere guest was warranted by evidence that during the journey he paid the driver twenty-five cents in accordance with an arrangement made between them on previous occasions that when such journeys were made he would pay the driver amounts which varied with the distance travelled.

An answer made by a witness without his attention being directed to an inconsistency with his previous testimony could not be said to be a rejection of the previous testimony; the truth of the matter was for the jury.

Evidence that an automobile driver at night, with the road covered with snow and poor visibility ahead because of sleet on his windshield, disregarding a suggestion by a passenger that he stop and clear the windshield, drove off the road and parallel to it along a row of trees for seventy-five feet, when he struck a pole, warranted a finding of his negligence and did not require a finding that the passenger was guilty of contributory negligence.

THREE ACTIONS OF TORT.    Writs in the Superior Court dated April 11, 1934.

At the trial before *Leary,* J., there were verdicts for the plaintiffs in the sums, respectively, of $3,000, $250, and $1,250.    The defendant alleged exceptions.

The cases were submitted on briefs.

*E. L. Shaw, D. D. O'Brien, & W. E. Dwyer,* for the defendant.

*R. T. Doyle,* for the plaintiffs.

DONAHUE, J.    The plaintiffs in the first and third cases seek to recover damages for injuries received while riding in an automobile owned and operated by the defendant.

They will hereinafter be referred to as the plaintiffs, although the father of one of them seeks in the second action to recover for loss of services and medical expenses resulting from his son's injury.

The cases were tried together before a jury in the Superior Court. In each case there was a verdict for the plaintiff on a count alleging negligence, and a verdict for the defendant on a count alleging gross negligence and reckless operation of the automobile.

The plaintiffs and the defendant lived in Northampton. On a stormy winter evening they left that city in the defendant's automobile, which was operated by him, and attended a dance in Chicopee, sixteen miles away. They started home after midnight, and on the way back to Northampton the automobile driven by the defendant left the travelled part of the highway and collided with a telegraph pole, and both plaintiffs were injured.

One question raised by the defendant's exceptions is as to the duty, in the matter of using care, which the defendant owed to the plaintiffs. That depends upon the relationship existing between the defendant and the plaintiffs at the time of the accident. If, as the defendant contends, he was transporting the plaintiffs gratuitously, his obligation was to refrain from gross negligence and recklessness in the operation of the automobile and he would not be liable for the consequences of the mere failure by him to use ordinary care.

The evidence viewed in its aspects most favorable to the plaintiffs warranted the finding that the defendant's undertaking was not gratuitous. Each of the plaintiffs on the night in question, after the defendant had purchased gasoline at a station in Northampton, gave the defendant twenty-five cents. Nothing was then said by any one as to the purpose of the payments. There was, however, evidence that, for several months preceding the time of the accident, the plaintiffs frequently rode with the defendant in his automobile to places outside Northampton. When this practice began an agreement was made by the parties to the effect that when such trips were taken the

plaintiffs would pay the defendant therefor an amount which varied with the distance travelled. Thereafter the plaintiffs paid the defendant every time such journeys were made.

The jury were warranted in finding that the payments of money by the plaintiffs to the defendant on the night of the accident, although nothing was then said about it, were made and received under the terms of their earlier agreement, that is, as payments specifically for the transportation of the plaintiffs to Chicopee and back to Northampton. On such a finding the plaintiffs at the time of the accident were being transported by the defendant, not gratuitously, but for a definite pecuniary consideration satisfactory to the defendant. Under that relationship the plaintiffs, if not contributorily negligent, were entitled to recover damages for injuries caused by the failure of the defendant to use ordinary care. *Chooljian* v. *Nahigian*, 273 Mass. 396, 398. *Foley* v. *McDonald*, 283 Mass. 96, 98. Compare *Sleeper* v. *Massachusetts Bonding & Ins. Co.* 283 Mass. 511, 515; *Woods* v. *Woods*, 295 Mass. 238; *Askowith* v. *Massell*, 260 Mass. 202. The defendant's requests for the rulings that there was no contract between the plaintiffs and the defendant, that the plaintiffs were not passengers for hire and that there was no legal benefit conferred on the defendant were rightly denied.

On the evidence, the jury were not obliged to find, as the defendant contends, that if any contract of hire existed it terminated upon arrival at the dance hall in Chicopee. The inference was warranted that the payments to the defendant were for the round trip. See *Weida* v. *MacDougall*, 300 Mass. 521.

After one of the plaintiffs had testified that nothing was said when he paid money to the defendant on the night of the accident and that he paid it for a ride to the dance, he gave an affirmative answer to the question whether he was "helping to pay for the gasoline." It cannot be said that his answer must have been taken by the jury to be a rejection by him of his earlier testimony. His attention was not directed to any alleged inconsistency between the answer

and what he had earlier testified. If there was a conflict in statements of the witness, it was for the jury to determine which statement should be accepted. *Thibeault* v. *Poole*, 283 Mass. 480, 482. *Coyle* v. *Worcester Consolidated Street Railway*, 273 Mass. 475, 476.

There was evidence warranting a finding that the injuries of the plaintiffs were caused by the failure of the defendant to use ordinary care in the operation of the automobile. It was a stormy night, and sleet accumulated on the windshield soon after the parties started on their homeward journey. The defendant was operating the automobile and the two plaintiffs were with him on the front seat. The side curtains were drawn and no view could be had to the right or to the left. Because of the sleet on the windshield there was no view of the road ahead except through a small portion of the windshield which the defendant cleared by reaching outside the automobile. After they had proceeded about a mile one of the plaintiffs told the defendant to stop and clear the windshield, to which the defendant made no response. Very soon afterwards they met an automobile going in the opposite direction. The automobile of the defendant was then on the right side of the portion of the highway paved for vehicular traffic, which was covered with packed snow and ice. So far as appears, the passing automobile was on its right side of the highway. The defendant nevertheless drove his automobile, which was travelling at the rate of speed of thirty to thirty-five miles an hour, off the paved portion of the way and off a three-foot graveled shoulder on which there was soft snow with a coating of crust, and then proceeded parallel with the road along a tree belt, covered with snow, between the gravel shoulder and the sidewalk, for the distance of seventy-five feet, where his automobile collided with a telegraph pole located six feet from the outer edge of the gravel shoulder. The defendant testified that he knew he was off the road to some extent but did not "feel there was any danger of hitting any trees or poles," so he was watching the other automobile. He gave as his reason for not seeing the telegraph pole before colliding with it that there

were "curtains on the car and the biggest part of the windshield was coated with ice." In view of the poor visibility and the conditions of road and weather the jury were warranted in finding the defendant negligent in operating his automobile in the manner and at the speed shown by the record. *Clark* v. *C. E. Fay Co.* 281 Mass. 240, 243. *Durling* v. *Lamontain,* 277 Mass. 517. *Arnold* v. *Colbert,* 273 Mass. 161. *Commonwealth* v. *Arone,* 265 Mass. 128.

In the position in which the plaintiffs were, there was little that either could do for his own. safety. *Bullard* v. *Boston Elevated Railway,* 226 Mass. 262, 264. *Ouillette* v. *Sheerin,* 297 Mass. 536, 540. A suggestion by one of them that the windshield be. cleared of sleet was ignored by the defendant. The interval of time between the making of that suggestion and the driving of the automobile off the road was short. It could not have been ruled as matter of law that the defendant had sustained the burden of proving that negligence of the plaintiffs contributed to cause their injuries.

In each case the defendant's motion for a directed verdict was properly denied.

*Exceptions overruled.*