SALVATORE FORTUNA, as Administrator of the Estate of SEBASTIAN M. FORTUNA, Deceased, et al., Respondents, v. STANLEY SANGSTER, as Administrator of the Estate of EARL STINER, JR., Deceased, et al., Appellants. (Action No. 1.) — Appeal by defendants from a judgment entered after trial before the court without a jury in an action to recover damages for negligence causing the death of the plaintiff Fortuna's intestate, and for personal injuries sustained by plaintiff Rizzi's intestate. Defendant Sangster's intestate was the owner of the car and defendant Serao's intestate was the driver at the time of the accident, which happened in Virginia. Judgment against defendant Serao, as administratrix, etc., unanimously affirmed, without costs. Judgment against defendant Sangster, as administrator, etc., reversed on the law and the facts, without costs, and the complaint dismissed on the law, without costs. Taking into consideration the physical facts and the written statement of the driver of the car, admitted in evidence only as against him, the decision of the trial court that

the driver was guilty of gross negligence is sustained. As against the owner of the car, the only proof binding on him is that the car suddenly swerved from the highway and crashed into a tree, without any proof showing the cause. This evidence is insufficient to establish a cause of action against the owner. (*Galbraith* v. *Busch*, 267 N. Y. 230; *Richter* v. *Seawell*, 183 Va. 379; *Giddings* v. *Honan*, 114 Conn. 473.) In addition, the record establishes the fact that there was a fixed agreement between the passengers in the car here involved and the owner and the driver thereof to pay a given proportion of the expenses of the trip, which took the plaintiffs' intestates out of the class of gratuitous guests within the meaning of the Virginia statute. (*Smith* v. *Clute*, 277 N. Y. 407; *Haines* v. *Chereskie*, 301 Mass. 112; cf. *Bushouse* v. *Brom*, 297 Mich. 616; *Hale* v. *Hale*, 219 N. C. 191.) Close, P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.