CHARLENE SHARICK, Respondent, *v.* ROCA MARVIN, Appellant.

Third Department, March 21, 1956.

*Donald W. Kramer* for appellant.

*Theodore Levene* for respondent.

GIBSON, J.  Respondent was injured while riding in an automobile owned and being operated by appellant upon a Massachusetts highway, in daylight on a July day.  If respondent was a guest, within the meaning of the Massachusetts guest rule, which has been established by judicial decisions and not by statute, she can recover against her host only on proof of gross negligence.  (*Welts* v. *Caldwell,* 331 Mass. 499; *Altman* v. *Aronson,*

231 Mass. 599; *Massaletti* v. *Fitzroy,* 228 Mass. 487.) Respondent asserts that the proof warranted a finding of gross negligence and, further, that evidence of an agreement to share the cost of gasoline and oil removed her status from the purview of the guest rule so that her recovery might also be sustained on proof of ordinary negligence alone.

The jury rendered a general verdict under a charge which imposed the test of gross negligence, should plaintiff be found a gratuitous guest, and that of ordinary negligence should the jury find that " a definite agreement " to share the automobile expense existed.

From the testimony most favorable to respondent the following might be found: The paved portion of the highway was 24 feet wide. The road was wet from rain and slippery in spots. Proceeding downgrade, the car approached a curve marked by a sign depicting a curve but requiring no diminution of speed. The grade and the curve were not described in terms of per cent and degree or otherwise. The permissible speed at that point was forty-five miles per hour. The uniform speed at which the car had been proceeding for some time did not change and was described by respondent as " fast " and was fixed as " at least 45 to 50 " miles per hour by the operator of an oncoming car which was eventually in collision with appellant's automobile. As appellant's car was rounding the curve, it began to skid and went back and forth across the highway two or three times. In its course the car struck a guardrail on the right side of the highway, causing appellant and then respondent to be thrown out, and then continued and crossed the highway to collide with the oncoming vehicle. For the purposes of our decision, we accept, also, testimony that the car skidded some 250 feet, but for some part of that distance the car was driverless and at all times was proceeding down hill. We accept, also, testimony that the appellant stated she had " frozen " at the brakes. The inference most favorable to respondent is that the skidding was caused by appellant's entering the curve at a speed that was excessive under the circumstances, but, upon the facts of this case, it cannot fairly be said that a speed at, or only slightly in excess of, the posted permissible rate of speed, or appellant's failure to regain control of her car once the skid commenced, constituted, either singly or in combination, gross negligence as defined by the Massachusetts courts. Gross negligence " is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected. * * * The element of culpability

which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence ''. (*Altman* v. *Aronson,* 231 Mass. 588, 591, 592, *supra.*)

In a number of Massachusetts cases involving the combining factors of downgrades, curves, speed and skidding, negligence of a character aggravated well beyond any degree of negligence which might be found from the proof here has been held insufficient to constitute gross negligence. (See *Driscoll* v. *Pagano,* 313 Mass. 464, and cases there cited.)

Accordingly, the verdict here was contrary to the weight of the evidence if, and insofar as, it depends upon a finding of gross negligence. In the absence of special findings by the jury, which would have been especially appropriate in a case of this character, it is impossible to determine upon which of the two theories submitted the verdict was predicated. Since it cannot be sustained upon both theories, the judgment must be reversed in any event, and it becomes necessary to determine the soundness of appellant's contention that respondent was a guest and that, no gross negligence having been shown, the complaint should be dismissed.

The only evidence tending to render respondent's status more than that of a gratuitous guest was her own testimony that she and appellant agreed to take their vacations at the same time and to go to Cape Cod, sharing the expenses of the vacation and of appellant's automobile. Appellant denied any conversation as to sharing the automobile expense.

The parties agree that, at the start of the trip, appellant stopped for gasoline and that respondent paid for the gasoline. The accident occurred before any further expenditure of this nature.

As to the question of respondent's status, the trial court charged: '' The question which I submit to you is whether or not the plaintiff was a gratuitous guest. In other words, if you find there was a definite agreement between the plaintiff and the defendant to share the expense of this car on this trip, then you may find that the plaintiff at the time of the accident was not being transported gratuitously by the defendant, and the rule of ordinary negligence would apply.'' Defendant's attorney excepted to the charge '' in so far as it defines the nature of a gratuitous guest under the law of Massachusetts, and to the submitting to the jury as a question of fact the gratuitous guest question, and the gross negligence question ''.

So far as appears, the Supreme Judicial Court of Massachusetts has passed upon states of facts closely analogous to the

factual situation here in but two cases (*Askowith* v. *Massell*, 260 Mass. 202; *Haines* v. *Chereskie*, 301 Mass. 112) and in those cases arrived at contrary results. Appellant relies strongly on *Askowith* v. *Massell* (*supra*) which involved an agreement to share the expenses of a fishing trip and, also, the automobile expense to be incurred in connection with it. Although the Maine guest rule was concerned, the decision was expressive, also, of the Massachusetts law, as of that time at least, as is evidenced by the reference thereto in *Sleeper* v. *Massachusetts Bonding & Ins. Co.* (283 Mass. 511, 515) as follows: "In *Askowith* v. *Massell* * * * the division of the expense of operating an automobile among the members of a fishing party was held noncontractual, and consequently the passengers were within the class of guests. There is nothing in the opinion in that case inconsistent with what is here decided."

Respondent relies on *Haines* v. *Chereskie* (*supra*, p. 114). There, plaintiffs and defendant desired to go to a dance, involving a round trip of thirty-two miles, and each of the plaintiffs paid twenty-five cents to the defendant automobile owner. The court held the jury warranted in finding the payments " specifically for the transportation " and that, " On such a finding the plaintiffs at the time of the accident were being transported by the defendant, not gratuitously, but for a definite pecuniary consideration satisfactory to the defendant ". Under those facts, the court held, the measure of defendant's duty was ordinary care.

The distinction between the *Askowith* and *Haines* cases seems to lie in the *Askowith* holding that there was no contract to pay " for transportation as a separate and distinct charge " and in the language in the *Haines* case that the payments were " specifically for the transportation ".

This distinction seems no longer valid, stemming as it apparently does from the earlier concept that ordinarily an occupant must be a passenger for hire to avoid the guest rule, this by analogy to the gratuitous bailment rule from which the guest rule apparently evolved. (See reference to *Massaletti* v. *Fitzroy, supra*, in *Altman* v. *Aronson, supra*.) That the present concept is more liberal appears from *Taylor* v. *Goldstein* (329 Mass. 161, 165) where it was said: " The rule deducible from these decisions is that a plaintiff acquires the status of an invitee if he is riding with the defendant for the purpose of conferring a benefit in the performance of something in which the defendant has an interest provided the benefit is other than ' those intangible advantages arising from mere social intercourse ' (*O'Brien* v. *Shea*, 326 Mass. 681, 683); that the benefit

need not be of a pecuniary nature; and that it need not arise from a contractual relationship. Perhaps the cause of the confusion on this subject results from the assumption sometimes made that the status of invitee can arise only if the plaintiff is transported for hire or consideration. But as we said recently in *Roy* v. *Bacon* (325 Mass. 173, 174), that is not the test, for liability sounds in tort rather than contract, and the extent of the defendant's duty is based upon status.''

Since the receipt or promise of a tangible benefit may, therefore, create the status of invitee, without a contract specifically and exclusively for transportation, it would seem that the rationale of the decision in *Smith* v. *Clute* (277 N. Y. 407, 413) is decisive here. In that case it was held that the Montana guest statute was inapplicable since the passengers' contributions to a fund for payment of the expenses to be incurred in the operation of defendant's automobile on a vacation trip constituted a '' clear contribution, a net saving '' to defendant. Such would obviously be a tangible benefit within the meaning of the Massachusetts authorities.

We conclude that the respondent's status remains a question of fact determinative by application of the principle that she was a gratuitous guest unless there existed an arrangement or agreement found to have conferred upon appellant a benefit, which must, in addition, be found to be of some substance and more than a mere intangible advantage arising from companionship or social intercourse.

The judgment should be reversed and a new trial directed, with costs to abide the event.

FOSTER, P. J., COON, HALPERN and ZELLER, JJ., concur.

Judgment reversed, on the law and facts, and a new trial directed, with costs to abide the event.