■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LINDA SANGER, on Behalf of TERENCE SANGER and Another, Infants, Respondent, v SIRGAY SANGER, Appellant.—Judgment, Supreme Court, New York County, entered August 24, 1976, unanimously reversed, in the exercise of discretion, and the case remanded to Special Term for prompt reconsideration, without costs and without disbursements. These proceedings relate to the custody and visitation rights to two children, ages 13 and 11, of the marriage between relator (mother) and appellant (father). The parties entered into a

separation agreement in 1972 which was incorporated by reference into a divorce decree giving custody of the children to their mother, with extensive visitation rights to the father. Subsequently, the parties' numerous disputes prompted this action. After a trial, the court below, *inter alia,* continued the existing custody of the children with the mother, suspended for not less than six months the father's rights of visitation with the children, and directed that the father pay a counsel fee of $10,000 to the mother's attorneys. On oral argument before this court, counsel acknowledged that for more than three months, since July 16, 1976, the children have been living in the house of a family friend, and the mother has not seen them except for a brief period on August 30, 1976. In light of the court's rationale for denying visitation rights to the father, i.e., to restore a meaningful relationship between the children and the mother, the failure of the mother to be with the children requires a reconsideration of the judgment of the court below. The best interest of the children is the first and paramount concern of the court in a determination of custody *(Findlay v Findlay,* 240 NY 429; *Obey v Degling,* 37 NY2d 768.) A parent denied custody should have reasonable visitation rights unless there is a possibility that harm may come to the child by the granting of the right. See *Matter of Bopp* (59 NYS2d 190) and *Matter of Young v Roe* (265 App Div 858, affd 290 NY 823), which subordinated the wishes of the parents to the probable best welfare of the child. In view of the events subsequent to the entry of the judgment being appealed, we reverse said judgment and remand the matter for reconsideration. Further, the admitted failure by the mother to disclose to the court below, as required by rule 660.22 of this court (22 NYCRR 660.22), payments she made to her attorneys prevented that court from exercising properly its discretion, as provided by section 237 of the Domestic Relations Law, in awarding counsel fees. Accordingly, the award of counsel fees should be reconsidered upon full disclosure of all the circumstances. Concur —Markewich, J. P., Lupiano, Silverman and Nunez, JJ.; Kupferman, J., concurs in the following memorandum: Kupferman, J. (concurring). In view of the fact that the children are presently residing with friends, it would be well for the trial court on the remand to consider whether or not they should not rather be residing with the father. No question has been raised as to his qualifications, and we have heretofore decided that under certain circumstances the father, where both parents were qualified, should have custody. (See *Salk v Salk,* 53 AD2d 558.)