OPINION OF THE COURT
Alfred J. Weiner, J.
This proceeding has been referred to this court from the Rockland County Supreme Court for determination of visitation. Pursuant to the Supreme Court decree of divorce, custody of the parties’ child was awarded to the respondent mother, who consents to visitation by the petitioner father, but requests that visitation take place only within her home.
The sole issue now before this court is whether the noncustodial father should be granted reasonable visitation away from the custodial mother’s home, contrary to her *419 demand that visitation take place only in her home and in her presence.
At completion of fact finding, it was established that the parties had married in October of 1974, and separated in March of 1975. Their child was born shortly after the separation, on June 18, 1975.
Subsequent to the child’s birth, petitioner was discouraged from visitation by the actions of the respondent. Regular visitation did not take place until the court entered a temporary order of visitation, at which time the child was approximately 17 months old. Pursuant to the temporary order, the court allowed the petitioner to have limited visitation away from respondent’s home after the petitioner had sufficient opportunity to reacquaint himself with the child.
Expert testimony presented to the court by respondent’s psychiatrist set forth a general rule that for any child under the age of three or four, visitation by a noncustodial parent should be with the custodial parent present, in familiar surroundings. It was the opinion of respondent’s psychiatrist that this child is in the midst of the separation individuation phase of development, and that both familiar surroundings and the familiar presence of her mother are essential ingredients to optimal development of this phase of growth. He found the child to exhibit a normal expected fear of strangers for a child of her age, and because of petitioner’s limited visitation in the past, concluded that petitioner is most likely viewed as a stranger by the child. He, therefore, recommended that visitation with the child take place, at this time, only in the custodial mother’s home and in her presence.
Respondent’s evidence is in general agreement with those principles espoused in Beyond the Best Interests of the Child by Goldstein, Freud and Solnit, where it states (p 6): "Psychoanalytic theory establishes, for example, as do developmental studies by students of other orientations, the need of every child for unbroken continuity of affectionate and stimulating relationship with an adult -. . . It calls into question those custody decisions which . . . provide the non-custodial parent with the right to visit or force the child to visit.” And at page 38 where it states: "Once it is determined who will be the custodial parent, it is that parent, not the Court, who must decide under what conditions he or she wishes to raise the child. Thus, the non-custodial parent should have no legally enforceable right to visit with the child, and the custodial *420 parent should have the right to decide whether it is desirable for the child to have such visits.”
The evaluation by the court psychiatrist indicated, however, that there is substantial conflict and hostility between these parties which carries over into their attitudes towards each other and their relationships with the child. It was further indicated that these tensions are detrimental to visitation in the mother’s home and upset the child, and that the child is of a sufficient age to be able to leave her mother for brief periods of time without causing any emotional harm.
A noncustodial parent should have reasonable visitation rights unless there is a possibility of harm to the child (People ex rel. Sanger v Sanger, 55 AD2d 578), because it is established policy that the best interests of a child are usually served by visitation. (Zett, Edmonds and Schwartz, New York Civil Practice, § 40.04, subd [1].)
"Where there is animosity between the parents, claims by the custodial parent that visitation is disturbing to the child should be received with a most cautious scrutiny * * * While the best interests of the child must always be the paramount consideration in visitation matters, 'The severance of a father’s relationship with a child is a "drastic remedy” even where there are realistic fears of harm.’ (Matter of Doe v Doe, 86 Misc 2d 194, 204).” (Matter of Marciano v Marciano, 56 AD2d 735, 736.)
Considering the substantial conflict and hostility between the parties, it would be unreasonable to expect that there could be meaningful visitation with this child in the respondent’s home. In fact, it would appear to this court that visitation under these circumstances could be harmful to the child.
The court further finds that the parties need guidance and counseling in dealing with this visitation issue and in improving communication between them regarding the welfare of the child.
The court finds, therefore, that it is in the best interests of the child to have visitation away from the custodial parent’s home and that this would be most conducive to the establishment of a meaningful parent relationship with her father.
Accordingly, the court directs that visitation take place every Saturday from 9:00 a.m. to 4:00 p.m. away from the *421 respondent’s home. Petitioner is to give 48 hours’ notice as to whether he is going to exercise his visitation right.
The court further orders, with the consent of the parties, that they participate in visitation counseling with the Family Court Forensic Visitation Team.